UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

Doug's Hourly Muscle Movers and
Packers, Inc.,

    CASE NO.:

    Plaintiff(s),

vs.

Progressive Express Insurance Company,

    Defendant(s).
_____/

# **COMPLAINT**

Plaintiff sues Defendant and alleges:

1) This Court has subject-matter jurisdiction pursuant to 29 U.S.C. §1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Plaintiff, who is a citizen of Florida, and Defendant, who is a citizen of Ohio, having been incorporated under the laws of Ohio and having its principal place of business in Ohio.

2) This Court has personal jurisdiction because Progressive Express Insurance Company operates, conducts, engages in, or carries on a business or business venture in Florida or has an office or agency in Florida

3) This Court is the proper venue because a substantial part of the events, acts or omissions giving rise to this action occurred within Manatee County, Florida.

4)	Plaintiff, as judgment debtor, is insured under a liability insurance policy from Defendant covering its insureds' liability to the judgment creditors as described in the "insurance policy" attached as Exhibit 1.

5)	On October 3, 2016, Doug's Hourly Muscle Movers and Packers, Inc. was insured under the insurance policy that a) limited Defendant's liability for the automobile collision to the policy limit of $50,000 and b) gave Defendant exclusive control over settlement of the Jeffrey Randolph liability claim ("the liability claim").

6)	Between October 20, 2016, and January 30, 2019, Defendant knew or should have known the liability claim exposure exceeded the available policy limit, but Defendant failed to settle within the available policy limit resulting in entry of Final Judgment against Defendant's insureds in excess of their policy limit.

7)	Defendant owed a fiduciary duty of good faith to act in its insured's best interests by protecting its insureds from judgments in excess of the insureds' policy limits.  Defendant's duty of good faith required that Defendant: 1) settle the liability claim when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly toward its insureds and with due regard for its insured's interests, 2) use the same degree of care and diligence that a person of ordinary care and prudence should exercise in the management of his own business, 3) advise its insureds of settlement opportunities, 4) advise its insureds as to the probable outcome of the litigation, 5) warn its insureds of the possibility of an excess

judgment, 6) advise its insureds of any steps they might take to avoid an excess judgment, 7) investigate the facts, 8) give fair consideration to a reasonable settlement under the facts, 9) settle, if possible where a reasonably prudent person, faced with the prospect of paying the total recovery would have settled, and 10) affirmatively initiate settlement negotiations where liability was clear and injuries so serious that a judgment in excess of the policy limits was likely.

8) Defendant breached its fiduciary duty of good faith by not protecting its insureds from judgments in exesss of the insureds' policy limits. Defendant breached its duty of good faith when it failed to: 1) settle the liability claim when, under all the circumstances, it could have and should have done so, had it acted fairly and honestly toward its insureds, and with due regard for their interests, 2) use the same degree of care and diligence that a person of ordinary care and prudence should exercise in the management of his own business, 3) advise its insureds of settlement opportunites, 4) advise its insureds as to the probable outcome of litigation, 5) warn its insureds of the possibility of an excess judgment, 6) advise its insureds of any steps they might take to avoid an excess judgment, 7) investigate the facts, 8) give fair consideration to a reasonable settlement under the facts, 9) settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery would have settled, and 10) affirmatively initiate settlement negotiations where liability was clear and injuries so serious that a judgment in excess of the

policy limits was likely. As a result, final judgment was entered against Doug's Hourly Muscle Movers and Packers, Inc.

9)   Had Defendant settled for the policy limit in good faith, Defendant's insured would owe the judgment creditor nothing for the liability claim.

10)   As a result of Defendant's breach, Defendant's insured owes the judgment creditor the amount of the Final Judgment attached as Exhibit 2.

11)   Plaintiff is obligated to pay attorneys fees for this action.  Based on section 627.428 of the Florida Statutes, Defendant is an insurer who is obligated to pay attorney's fees of the insured upon rendition of a judgment, decree, or confession of judgment against Defendant.

Wherefore, Plaintiff demands a trial by jury and entry of Final Judgment against Defendant for the unsatisfied amount of the attached Final Judgment, the costs of this action, and attorney's fees that may become awardable.

Dated: <u>December 1, 2023</u>

*/s/Brandon Cathey*
Brandon Cathey
Fla. Bar No. 941891
Stephanie Miles
Fla. Bar No. 15516
CATHEY & MILES, P.A.
76 4th Street N #2005
St. Petersburg, FL 33731
(727) 308-2222
Lit@CatheyMiles.com
Counsel for Plaintiff